IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANUEL ENRIQUE AMADOR-ANGUSTIA, | |
| *Petitioner*, | Civil Action No. 3:26-cv-98 |
| v. | Hon. William S. Stickman IV |
| WARDEN, *Moshannon Valley Processing Center*, *et al*, | |
| *Respondents*. | |

## MEMORANDUM ORDER

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1). Petitioner, a citizen of the Dominican Republic, is currently detained at Moshannon Valley Correctional Center. He entered the United States in June of 2022, after making illegal entry swimming across the Rio Grande River and entering at the Texas border. He was granted discretionary parole under 8 U.S.C. § 1182(d)(5). (ECF No. 12-2, p. 4). In October 2025, Petitioner was arrested by officers of U.S. Immigration and Customs Enforcement ("ICE") after reporting to an ICE office for a scheduled appointment. (ECF No. 12-1 at 6). Petitioner requested a bond hearing, and, on January 15, 2026, an immigration judge held a bond hearing but denied bond based on a determination of lack of jurisdiction, citing *Matter of M-S-, 27 I. & N. Dec. 509* (AG 2019). (ECF No. 12-4, p. 1). In his habeas petition, Petitioner requests immediate release, or an individualized bond hearing. (ECF No. 1, p. 7). Petitioner previously filed a motion for temporary restraining order (ECF No. 2), which the Court denied (ECF No. 8).

1

The core question in this case is whether Petitioner is entitled to a substantive bond determination by a neutral immigration judge. While Petitioner previously had a hearing, the immigration judge did not consider whether bond was warranted in his individual case, finding that Petitioner was not, as a matter of law, releasable. While the immigration judge cited to *Matter of M-S-* in determining that Petitioner was not eligible for bond, the issue is really one arising from the novel policy whereby illegal immigrants previously released on bond into the United States are subject to mandatory detention under 8 U.S.C. § 1225, rather than discretionary detention under 8 U.S.C. § 1226. To the extent that the immigration judge construed *Matter of M-S-* to interpret §1225(b)(1)(B)(ii) as requiring the detention of noncitizens during the removal process, the Court rejects that interpretation. *See Jimenez v. FCI Berlin, Warden*, 799 F. Supp. 3d 59, 69 n.7 (D. N.H. 2025).

As a general matter, § 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). The Court joins the overwhelming majority of district courts in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. The Court disagrees with the decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Petitioner's detention is governed by § 1226(a), and the Court holds that he has a statutory right to an individualized bond hearing.

AND NOW, this 18th day of February 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART AND DENIED IN PART.  It is GRANTED in that within ten (10) days of this Order, Petitioner must receive a bond redetermination hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226.  IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief.  And IT IS FINALLY ORDERED that the Motion for Appointment of Counsel (ECF No. 3) is DENIED.

                BY THE COURT:

                */s/William S. Stickman IV*
                WILLIAM S. STICKMAN IV
                UNITED STATES DISTRICT JUDGE